UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNARD WALKER

v.                                                              C.A. No. 10-178 S

A.T. WALL, et al.

## MEMORANDUM AND ORDER

Plaintiff, Dennard Walker, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed an amended complaint alleging mistreatment by various ACI employees (Docket # 7). Presently before the Court is plaintiff's motion seeking a court order appointing counsel to represent him in the instant action (Docket # 2).

In the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. *DesRosier v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court cannot appoint counsel in a civil matter. *Id.* at 23. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering, *inter alia*, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *Id.*

Here, I have reviewed plaintiff's amended complaint and the motions that he has filed in this case. The issues presented in the complaint are not so complex that plaintiff is unable to represent himself. Moreover, plaintiff's filings demonstrate that he is able to present the facts and the issues himself. Accordingly, plaintiff's motion seeking a court order to appoint counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
June 1, 2010