UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNARD WALKER

v.                                                                                          C.A. NO. 10-178

A.T. WALL ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On May 20, 2010, *pro se* plaintiff, Dennard Walker ("Plaintiff"), an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed an amended complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("§ 1983") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") (Docket # 7). Plaintiff names nine ACI administrators and employees as defendants: Rhode Island Department of Corrections ("RIDOC") Director A.T. Wall; Deputy Warden Michelle Auger; Lieutenants Galligan and Doyle; and Correctional Officers Duarte, Sampson, Leduc, Trinidade, and Calise (the "Defendants"). Simultaneously herewith, Plaintiff has been granted leave to proceed *in forma pauperis* in this action. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have screened the Complaint. As discussed below, having found that certain claims in the Complaint fail to state claims upon which relief may be granted, I have prepared this Report and Recommendation recommending dismissal of the same.

BACKGROUND

The following background, alleged in the Complaint, is taken as true for the purpose of screening the Complaint:

Plaintiff is an inmate housed at the ACI High Security Unit. He has been taking "psychological medication" for two years. On or about March 11, 2010, while Plaintiff was being transported to medical, Lieutenant Galligan and Correctional Officers Duarte, Sampson, Leduc, Trinidade, and Calise assaulted Plaintiff. Lieutenant Galligan sprayed Plaintiff eight times with pepper spray and then hit him in the forehead with the pepper spray can, causing Plaintiff's forehead to split open. The correctional officers assaulted Plaintiff, busting his lip and causing lumps on the side of his face and the back of his head. The assault occurred in front of Lieutenant Doyle.

1

Additionally, neither Lieutenant Doyle nor the correctional officers who assaulted Plaintiff consulted with Plaintiff's mental health caretakers before assaulting him. Also, the mental health staff was not consulted before Plaintiff was given 388 days in segregation as a disciplinary sanction.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia,* fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used to decide a Rule 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); Fed.R.Civ.P. 8(a)(2).

### II. Legal Standards Under § 1983

Plaintiff brings this action pursuant to § 1983 and the ADA. In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, it is clear that Defendants were acting under state law. Additionally, as set forth below, I have determined that the Complaint states viable claims of excessive force in violation of the Eighth Amendment against six Defendants, but fails to state such claims against the remaining three Defendants and fails to state cognizable claims under the ADA.

### III. Review of Claims

#### A. Viable Claims: Eighth Amendment Excessive Force

To state an Eighth Amendment claim for the use of excessive force, an inmate must demonstrate "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)(citations omitted). The primary inquiry in determining whether a prison official used excessive physical force turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995 (1992)(citations omitted).

Here, Plaintiff alleges that six Defendants physically assaulted him without adequate provocation. Specifically, Plaintiff alleges that Lieutenant Galligan sprayed him eight times with pepper spray and then hit him in the forehead with the pepper spray can, causing Plaintiff's forehead to split open while Correctional Officers Duarte, Sampson, Leduc, Trinidade, and Calise assaulted him, leaving him with a busted lip and lumps on the side of his face and the back of his head. Accordingly, I find that Plaintiff has stated Eighth Amendment claims for relief at this stage of the proceedings against Defendants Galligan, Duarte, Sampson, Leduc, Trinidade, and Calise.

#### B. Claims That Fail to State Claims on Which Relief May Be Granted

##### 1. Eighth and Fourteenth Amendment Claims Against Supervisors

Plaintiff alleges that Defendants RIDOC Director Wall, Deputy Warden Auger, and Lieutenant Doyle failed to protect Plaintiff in violation of the Eighth Amendment and, as to Auger, the Fourteenth Amendment Equal Protection Clause. Specifically, he alleges that (i) Wall failed to protect him from officers that had assaultive histories and failed to put in place policies to prevent the attack; (ii) Auger failed to protect the attack by officials under her authority; and (iii) Doyle failed to protect Plaintiff from the assault that occurred "in front of his eyes." Cmpt. at pp. 5-6.

In a § 1983 action, only direct, rather than vicarious, liability is available. *See Aponte Matos v. Toledo Davila*, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of the subordinate and the action or inaction of his supervisor ... such that 'the supervisor's conduct led inexorably to the constitutional violation.'" *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)(citations omitted); *see also Iqbal*, 129 S.C.t at 1949 ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

3

Here, the allegations against Wall, Auger, and Doyle do not suggest actions on their part constituting affirmative links inexorably leading to the alleged assaults. Further, the Court need not credit Plaintiff's bald assertions, without any specific factual allegations supporting the same, that Wall allowed officers with "known assaultive histories" and failed to put in place policies to protect Plaintiff against assault. *See Iqbal*, 129 S.C.t at 1949-50.

Additionally, Plaintiff's claim that Auger violated his Fourteenth Amendment rights to equal protection also fails because Plaintiff does not state that Auger intentionally treated him differently than any other similarly situated persons or that Auger intentionally treated him differently because of his membership in any suspect class. *See Buchanan v. Maine*, 469 F.3d 158, 17 (1st Cir. 2006)("Plaintiffs claiming an equal protection violation must first identify and relate *specific instances* where persons situated *similarly in all relevant aspects* were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were singled ... out for unlawful oppression.")(citation and inner quotations omitted); *Williams v. Wall*, No. 06-12, 2006 WL 2854296, at * 3 (D.R.I. Oct. 04, 2006)("To state an equal protection claim under § 1983, plaintiff must allege 'that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.')(citation omitted).

Accordingly, I find that Plaintiff's Eight and Fourteenth Amendment claims against Wall, Auger, and Doyle fail to state claims on which relief may be granted and recommend that such claims be DISMISSED.

### 2. ADA Claims

Plaintiff urges that the ADA prohibits action, such as the use of force or disciplinary sanctions, against any prisoner taking medication for psychological impairments absent prior consultation with such prisoner's mental health caretakers "due to the effect of the psychotropical medication which can have an adverse effect." Cmpt. at p. 8. He alleges that he has been taking medication for psychological problems for the last two years, and that Defendants Doyle, Galligan, Duarte, Sampson, Leduc, Trinidade, and Calise used force, including chemical sprays, against him and subjected him to disciplinary sanctions without consulting his mental health doctors. He alleges that such action violated the ADA.

Plaintiff's allegations, however, fail to state a claim on which relief may be granted. Title II of the ADA, which applies to state prisons, provides, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

4

discrimination by any such entity." 42 U.S.C. § 12132; *see also Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S.Ct. 1952 (1998). "Federal regulations implementing Title II require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Kiman v. New Hampshire Dept. of Corrections*, 451 F.3d 274, 283 (1st Cir. 2006) (citing 28 C.F.R. § 35.130(b)(7)). "A plaintiff seeking relief under Title II 'must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.'" *Id.* (citation omitted).

Plaintiff here does not allege facts suggesting that Defendants denied him benefits of any services, programs or activities, including mental health treatment, "by reason of" his alleged disabilities. *See Brown v. Pennsylvania Dept. of Corrections*, 290 Fed.Appx. 463, 467 (3rd Cir. 2008)(prionser's ADA claim fails where he "alleges that the prison *ignored* his alleged disabilities in order to justify his placement in the [Long Term Segregation Unit ("LTSU")]-not that they placed him in the LTSU because of discriminatory animus based on his alleged mental disabilities"). Instead, although not clear, Plaintiff seems to allege that Defendants failed to accommodate Plaintiff's disability (and any adverse behavior that resulted from the medication he was taking as a result of such disability) by consulting with mental health professionals before reacting, with force and disciplinary sanctions, to Plaintiff's behavior.

I find no support for Plaintiff's contention that the ADA requires consultation of the mental healthcare professional of any prisoner who has been prescribed medication for psychological impairment prior to action being taken against such prisoner. Accordingly, I recommend that Plaintiff's claims under the ADA be DISMISSED.

## CONCLUSION

In summary, first, I find that the Complaint states Eighth Amendment claims of excessive force at this stage of the proceedings against the following six Defendants: (i) Galligan, (ii) Duarte, (iii) Sampson, (iv) Leduc, (v) Trinidade, and (vi) Calise. Accordingly, I recommend that such parties be served as Defendants in this action.

Second, I find that the Complaint does not state cognizable claims under:

(i) the Eighth and/or the Fourteenth Amendment against Wall, Auger, and Doyle; or

(ii) the ADA.

I therefore recommend that such claims be DISMISSED. Additionally, as the Complaint contains no other claims against Defendants Wall, Auger, and Doyle, I further recommend that these three Defendants be DISMISSED as parties to the instant action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
June 1, 2010