UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNARD WALKER

v.                                                                                    C.A. No.  10-178 S

A.T. WALL, et al.

## MEMORANDUM  AND  ORDER

Plaintiff, Dennard Walker ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed an amended complaint alleging mistreatment by various ACI employees (Docket # 7). The Complaint was screened pursuant to 28 U.S.C. § 1915(e)(2), and the only claims remaining are Eighth Amendment claims of excessive force against six ACI correctional officers in connection with an alleged incident on March 11, 2010 (the "March 11th Incident").

Presently before the Court is Plaintiff's motion seeking a court order compelling the production of various documents (Dockets # 21). Defendants have objected to Plaintiff's motion (Docket # 23). For the reasons set forth below, Plaintiff's motion is GRANTED.

## DISCUSSION

Under Federal Rule 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). Relevant information does not need to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Federal Rule 34 permits a party to serve on any other party a request for documents or tangible things within the scope of 26(b) which are in the possession, custody or control of the party upon whom the request is served. Fed.R.Civ.P. 34(a). The request must describe each item or category of items requested with reasonable particularity. Fed.R.Civ.P. 34(b). If the party's request is not satisfied, the party may move for a court order compelling production of documents or tangible things under Federal Rule 37(a). Fed.R.Civ.P. 37(a). The motion to compel production must include a certification that the party seeking the documents has in good faith conferred or attempted to confer with the party failing to provide the documents in an effort to obtain the information without court action. *Id.*

1

Here, Plaintiff seeks various documents pertaining to the March 11th Incident, including: (1) reports, memos, pictures, and electronically stored information regarding to the March 11th Incident; (2) reports of disciplinary actions taken against any of the defendants as a result of the March 11th Incident; (3) medical reports regarding injuries sustained by Plaintiff as a result of the March 11th Incident; and (4) Rhode Island Department of Corrections policies pertaining to the use of force, including the administration of OC Spray, and video recording at the ACI. *See* Docket # 22

Defendants object to Plaintiff's request, stating that they timely responded to the document production request Plaintiff propounded on them by producing RIDOC policy 11.01-5 in response to one of Plaintiff's requests and objecting to the other requests for various reasons (not provided to the Court). Defendants also state that Plaintiff failed to (i) outline for the Court his specific document production requests or reasons the requests are likely to lead to admissible evidence and (ii) certify that he has conferred with the defendants to secure the information without court intervention. However, Plaintiff did provide the Court a copy of the document request he mailed to defendants on August 17, 2010, *see* Docket # 22 ("August 17th Document Request"), and stated that the documents he requests are admissible evidence and necessary for his defense. Further, Plaintiff certified that he attempted to confer with defendants to obtain the discovery without success.

As the documents Plaintiff seeks, which relate to the alleged use of force against Plaintiff on March 11, 2010, appear to be reasonably calculated to lead to the discovery of admissible evidence, Plaintiff's motion to compel is GRANTED. Defendants shall have thirty days from the date of this Order to provide Plaintiff access to the relevant documents, if any, responsive to Plaintiff's request for documents in the August 17th Document Request.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 19, 2010

2