UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNARD WALKER

v.                                          C.A. No. 10-178 S

A.T. WALL, et al.

MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is Plaintiff's Motion to Compel Production of Documents (Docket # 21) (which is being reconsidered pursuant to Court Order # 28). Defendants have objected to Plaintiff's Motions (Dockets ## 23 & 27). As explained below, Plaintiff's Motion to Compel Production of Documents is GRANTED, in part, with instructions.

## DISCUSSION

On October 20, 2010, the Court granted Plaintiff's Motion to Compel Production of Documents and ordered Defendants to produce the requested documents within 30 days of the date of the order. Thereafter, on October 22, 2010, Defendants filed a Motion for Reconsideration, specifically requesting that the Court reconsider its ruling requiring the production of the use of force policies of the Rhode Island Department of Corrections ("RIDOC"). Defendants identified two policies governing the use of force and chemical agents (the "ACI Policies") and urged that the motion to compel the disclosure of the ACI Policies be denied on the grounds that production of the same would compromise and jeopardize prison safety and security. The Court granted Defendants' motion for reconsideration and required Defendants to submit the use of force policies for *in camera* review.

Rule 26(b)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") permits parties to obtain discovery regarding any non-privileged matter which is relevant to the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Federal Rule 26(b)(2) requires the Court to balance broad discovery with the practical burdens such discovery places on parties by limiting discovery in certain instances, including when "the burden … of the proposed discovery outweighs its likely benefit… ." Fed.R.Civ.P. 26(b)(2)(c)(iii).

A similar balancing test should be employed here to weigh the need of the litigant for access to the requested information against the public interest in nondisclosure of the same. *See,*

1

*e.g., Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50, 64 (1st Cir. 2007)(requiring balancing of interests to determine whether documents that would tend to reveal law enforcement techniques, sources, and procedures should be protected from disclosure by the qualified law enforcement privilege). Specifically, the Court must weigh Plaintiff's request that he be provided the ACI Policies in order to determine if Defendants' alleged use of force against him violated such policies, on one hand, against Defendants' urging that disclosure of the same would jeopardize safety and security at the ACI, on the other hand. *See Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984)(discussing balancing of safety and security interests of prison against plaintiff's need for sensitive documents in prison context); *Abascal v. Fleckenstein*, No. 06-0349, 2010 WL 3834839, at *7 (W.D.N.Y. Sept. 29, 2010)(same); *Whitington v. Sokol*, No. 06-01245, 2008 WL 435277, at *1-2 (D.Colo. Feb. 14, 2008)(same); *Paluch v. Dawson*, No. 06-01751, 2007 WL 4375937, at *2-3 (M.D.Pa. Dec. 12, 2007)(same); *Castle v. Jallah*, 142 F.R.D. 618, 622 (E.D.Va. 1992) (same). Review of the ACI Policies here reveals that, although the policies contain information that may be relevant to Plaintiff's case, the policies also set forth information which could pose safety and security risks to the ACI employees and inmates if disclosed. Additionally, the ACI Policies include less sensitive information that may be relevant to Plaintiff's claims.

The First Circuit, encouraging the accommodation of the competing interests inherent in discovery disagreements regarding sensitive information, has instructed courts to utilize mechanisms such as redaction or protective orders in ruling on motions to compel. *Ass'n for Reduction of Violence*, 734 F.2d at 66; *see also Farry v. City of Pawtucket*, C.A. No. 08-325, 2009 WL 792900, at *3 (D.R.I. Mar. 24, 2009)(ordering defendants to disclose redacted version of police policy conditioned on the entry of an appropriate protective order restricting disclosure of the policy to parties' counsel and experts in the case); *cf. Rega v. Beard*, No. 08-156, 2010 WL 1253531, at *3 (W.D.Pa. Mar. 24, 2010)(ordering prison official defendants to produce redacted versions of prison policies); *Whitington*, 2008 WL 435277, at *2 (same).

Therefore, in accord with First Circuit instructions to accommodate competing interests, Plaintiff's motion to compel the production of the ACI Policies is GRANTED, in part; however, in order to ensure the safety and security of the ACI, Defendants are instructed to redact from the documents produced the information contained in each of the policies which, if disclosed, would pose a safety and security risk, including information that would (i) allow an inmate to anticipate when a chemical agent would not be available; (ii) indicate where chemical agents should be

stored; (iii) explain strategies for the use of chemical agents; (iv) refer to code language to be used among staff in potential situations that may warrant the initiation and use of agents; or (v) allow an inmate to more easily circumvent security procedures in any way. Defendants may either (1) provide Plaintiff with copies of the redacted policies or (2) allow Plaintiff access to review such policies during the discovery and pretrial stages of this action and arrange for Plaintiff to use such policies at trial, if necessary.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 23, 2010