UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNARD WALKER

v.                                                                                            C.A. No. 10-178 S

A.T. WALL, et al.

MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by Plaintiff, Dennard Walker ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, to amend the Amended Complaint (Docket # 33). For the reasons set forth below, Plaintiff's motion is DENIED.

## DISCUSSION

### I. Legal Standards

#### A. Motion to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)"), a plaintiff seeking to file a second amended complaint must obtain either written consent of the opposing party or leave of court. Fed.R.Civ.P 15(a)(2). Rule 15(a) instructs courts to grant leave freely "when justice so requires." *Id.* However, the Supreme Court has noted that futility of the proposed amendment justifies denying leave for such amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

#### B. Failure to State a Claim Standard

As Plaintiff here is proceeding *in forma pauperis* and is a prisoner suing state actors, the Court must dismiss *sua sponte* claims that, *inter alia*, fail to state claims on which relief may be granted. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Therefore, the Court must review Plaintiff's proposed amendments to determine if they state cognizable claims or if it would be futile to allow the amendments.

In determining if allegations state a viable claim, the Court must accept a plaintiff's well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009). Further, the Court must review pleadings of a *pro se*

1

plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim on which relief may be granted, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); *see also* Fed.R.Civ.P. 8(a)(2).

## II. Futility of Proposed Amendments

### A. Description of Proposed Claims

Here, the amendments Plaintiff proposes to add fail to state claims on which relief may be granted, and, thus, it would be futile to allow the amendments. Specifically, Plaintiff seeks to add claims against four new defendants in connection with disciplinary charges brought against him at the ACI. As a result of the charges, Plaintiff received 89 days in punitive segregation. Plaintiff now seeks to add claims that, in connection with the disciplinary proceedings, the four defendants violated Plaintiff's due process rights and retaliated against him for filing the instant lawsuit. He urges that: (i) Investigator Figueiredo fabricated a disciplinary report against Plaintiff; (ii) Lieutenant Doyle denied Plaintiff the right to call witnesses and to 24 hour notice in violation of ACI policy; (iii) Deputy Warden Lefebure refused to dismiss the bookings against Plaintiff on appeal despite the clear violations of policy to which Plaintiff pointed; and (iv) Inmate Representative Tony Amaral failed to fulfill his duty of representing Plaintiff by allowing the procedural defects at the disciplinary proceedings and failing to inform authorities of the policy violations. Plaintiff alleges that each of the proposed defendants committed the alleged wrongful acts in retaliation for Plaintiff filing the instant lawsuit

### B. Due Process Claims

Plaintiff alleges that the four defendants he seeks to add violated his rights to due process under the Fourteenth Amendment by (i) lodging false disciplinary charges against him or (ii) failing to follow certain ACI procedures in connection with the disciplinary proceedings, which resulted in his segregation for 89 days. In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Here Plaintiff does not demonstrate such a violation.

First, a prisoner does not have a free standing liberty interest in not having a false disciplinary charge leveled against him. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2$^{d}$ Cir. 1986); *Williams v. Foote*, No. 08-2838,

2009 WL 1520029 at *7 (C.D.Cal. May 28, 2009); *cf. Suprenant v. Rivas*, 424 F.3d 5, 13-14 (1st Cir. 2005). Second, to the extent Plaintiff is alleging an interference with a liberty interest due to his temporary confinement in segregation resulting from the false disciplinary charges or failure to follow ACI procedures in connection with the disciplinary proceedings, his claim also fails. While a state may create liberty interests that are protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(punitive segregation for a term of 30 days does not trigger the protections of the Due Process Clause because it is not an atypical and significant hardship in relation to the ordinary incidents of prison life). Here, Plaintiff has no liberty interest in avoiding 89 days of segregation, and, thus, fails to state a claim on which relief may be granted under the Due Process Clause. *See id.*; *Williams v. Bitner*, 307 Fed.Appx. 609, 611 (3rd Cir. 2009)(sanction of 90 days in disciplinary segregation did not give rise to a due process liberty interest); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(same); *Moore v. Weeden*, No. 09-434, 2010 WL 737655, at *3-4 (D.R.I. Mar. 01, 2010)(89 days of segregation at ACI fails to implicate liberty interest). Accordingly, it would be futile to grant Plaintiff leave to amend the Amended Complaint to add the proposed claims alleging due process violations.

### C. Retaliation Claims

Further, Plaintiff also contends that the four defendants he seeks to add fabricated the report or denied him proper procedural protections at the disciplinary hearings in retaliation for Plaintiff filing the instant lawsuit. The First Amendment protects, *inter alia*, a citizen's right to petition the government, including the right to file actions in court. U.S. Const. amend. I. *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979). Retaliatory action, including the filing of false disciplinary charges against a prisoner, for the exercise of this right is itself a violation of the Constitution actionable under 42 U.S.C. § 1983, even if the action, standing alone, would not violate the constitution. *Hightower v. Vose*, 95 F.3d 1146, at *1 (1st Cir. 1996); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999) (en banc).

A claim asserting retaliation for the exercise of a constitutional right consists of three elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) the plaintiff suffered an adverse action that would deter a person of ordinary firmness from the exercise of the right at stake; and (3) there was a causal connection between the constitutionally protected conduct and

the adverse action. *Thaddeus-X,* 175 F.3d at 394; *Price v. Wall,* 464 F.Supp.2d 90, 96 (D.R.I. 2006). With respect to the third element, a plaintiff must demonstrate that his constitutionally protected conduct was a motivating factor for the adverse action and that the retaliatory act would not have occurred "but for" the protected conduct. *McDonald,* 610 F.2d at 18. A chronology of events may be adequate to support an inference of retaliation. *See Ferranti v. Moran,* 618 F.2d 888, 892 (1st Cir. 1980); *McDonald,* 610 F.2d at 18. Further, "[c]ourts are appropriately skeptical of prisoner retaliation claims, as 'virtually any adverse action taken against a prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act.'" *Spies v. Kelleher,* 151 Fed.Appx. 72, 73 (2d Cir. 2005)(citing *Dawes v. Walker,* 239 F.3d 489, 491 (2d Cir.2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992 (2002)).

Here, other than alleging that the instant lawsuit is against six co-workers of the proposed new defendants, Plaintiff fails to allege any connection whatsoever between the instant lawsuit and the actions about which Plaintiff complains. Even construing the proposed amendments in the light most favorable to Plaintiff, Plaintiff's bald assertions that the alleged misconduct occurred in retaliation for a lawsuit against co-workers provide no more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949 (citation omitted)(requiring plausibility rather than mere possibility of entitlement for relief in order for facts plead to state a claim on which relief may be granted). Accordingly, Plaintiff's proposed claims of retaliation fail to state claims on which relief may be granted, and it would be futile to grant Plaintiff leave to amend the Amended Complaint to add such proposed claims.

## CONCLUSION

In summary, Plaintiff's proposed amendments fail to state claims on which relief may be granted for either due process violations or retaliation. Therefore, it would be futile to allow such amendments to the Amended Complaint. Accordingly, Plaintiff's instant motion to amend is DENIED.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 30, 2010